Francis R. GIFFORD, Plaintiff,

v.

UNITED STATES POSTAL
SERVICE, Defendant.

No. 3:96 CV 2508(GLG).

United States District Court,
D. Connecticut.

June 29, 1998.

**136**

Thomas G. Moukawsher, Moukawsher & Walsh, LLC, Groton, CT, for Plaintiff.

Althea E. Seaborn, Bridgeport, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff Francis R. Gifford moves to remand this case to the U.S. Office of Personnel Management ("OPM") for the purpose of reviewing his request for retirement benefits. In response, defendant U.S. Postal Service ("Postal Service") moves to dismiss the complaint with prejudice for failure to state a claim and for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6). For the following reasons, we GRANT plaintiff's motion to remand (doc. # 12) and GRANT defendant's

motion to dismiss (doc. # 11) without prejudice.

## BACKGROUND

Plaintiff claims that after working for the Postal Service for about thirty years, he retired on August 2, 1992.[1] According to plaintiff, on August 5, 1992 as part of a nationwide restructuring, the Postal Service announced that it was offering a voluntary separation package or early-out opportunity to eligible employees.[2] Under this incentive program, eligible employees, who met certain age and service requirements, were offered early retirement in exchange for retirement benefits under 5 U.S.C. §§ 8336(d)(2) or 8414(b)(1)(B). *See* Pl.'s Mem., Ex. 1, at 1. The Postal Service asserts that the incentive program consisted of "a voluntary early out opportunity for eligible employees and a special lump sum payment equal to six months base pay." Def.'s Mem., at 2. It is unclear from the motion papers whether plaintiff could or would have elected to accept retirement benefits under Chapter 83 or Chapter 84 of Title 5 of the U.S.Code, so we address both claims. *See* discussion *infra* at 138 (explaining the different procedures under Chapters 83 and 84).

In order to offer voluntary early retirement to eligible employees, the Postmaster General was required to obtain authority from OPM, which it requested in a letter dated July 31, 1992. According to the Postal Service, OPM approved the request on August 5, 1992 for retirements effective between August 17 and October 3, 1992. The Postal Service also stated that the Postmaster General announced in July 1992 that the Postal Service was considering an incentive program to induce eligible employees to retire. It further asserted that "[h]is comments were disseminated throughout the Postal Service." Pl.'s Mem., Ex. 3.

---

1. There is a factual dispute between the parties as to the length of plaintiff's employment. *See* Answer, ¶ 3 (averring that plaintiff's entry on duty date was April 18, 1970).

2. The Postal Service claims that it made the announcement to offer voluntary early retire-

ment on August 7, 1992. *See* Pl.'s Mem., Ex. 1, at 1; *see also Krizman v. United States Postal Serv.*, 66 M.S.P.R. 233, 235 (1995) (explaining the details of the Postal Service's nationwide restructuring which was announced on August 7, 1992), *aff'd*, 77 F.3d 434 (Fed.Cir.1996).

Plaintiff commenced this action on December 12, 1996 and raised claims under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461 (Count One), and state common law (Count Two). On the ERISA claim, plaintiff argues that the incentive program constitutes an employee welfare benefit plan, as defined in 29 U.S.C. § 1002(1), and that the Postal Service was a fiduciary with respect to this plan, as defined in 29 U.S.C. §§ 1002(21)(A) and 1102. Plaintiff asserts that he was misled into retiring before the early-out announcement by Postal Service officials who withheld from him information that the Postal Service was considering an early retirement incentive program. Based on defendant's misrepresentations, plaintiff contends that defendant violated its fiduciary duties pursuant to 29 U.S.C. § 1104. Plaintiff requests injunctive relief under 29 U.S.C. § 1132(a)(3) ordering defendant to allow plaintiff to participate in the early-out program.

Plaintiff now moves to remand this case to OPM for administrative review of his claim for retirement benefits under the early-out program. Both parties agree that if the early-out program is construed as a governmental plan, as defined under section 1002(32) of ERISA, this Court would not have jurisdiction under ERISA because ERISA does not apply to governmental plans. *See* 29 U.S.C. § 1003(b)(1); *see also* Pl.'s Mem., at 2; Def.'s Mem., at 6. Moreover, if ERISA does not apply because the early-out program is considered a governmental plan, plaintiff contends that his relief lies with the administrative agency, OPM.

In support of his motion to remand, plaintiff asserts that he initially made a claim upon the Postal Service to participate in the early-out program. In a letter dated August 16, 1996, the Postal Service informed plaintiff's counsel that there was no "formal appeal process within the Postal Service regarding the lump sum opportunity...." Pl.'s Mem., Ex. 1, at 2. In this letter, the Postal Service also stated that "[i]ssues regarding Mr. Gifford's retirement fall within the authority of OPM." *Id.* Subsequently, plaintiff's counsel requested that the Postal Service issue a final decision denying plaintiff's claim

for benefits so that he could proceed with an administrative review by OPM. Pl.'s Mem., Ex. 2. In response by a letter dated November 21, 1996, the Postal Service stated that the retirement incentive "was not offered under authority of any statutes or regulations falling within the administrative responsibility of [OPM]. It was offered under the independent statutory authority of the Postal Service and it was the Postal Service's decision to offer the incentive during the early retirement period." Pl.'s Mem., Ex. 3. The Postal Service further advised plaintiff that the Postal Service did not have a formal appeals process available for the review of plaintiff's claim. Finally, the Postal Service referred plaintiff to OPM for any questions relating to his retirement. *Id.*

Plaintiff urges this Court to follow a recent decision of Judge Squatrito of the District of Connecticut in *Printz v. Federal Deposit Insurance Corp.,* Civ. No. 3:97–172 (D.Conn. Mar. 11, 1998) (Document # 24), which approved, ratified, and adopted Magistrate Judge Smith's recommended ruling of February 18, 1998. In *Printz,* the court directed a plaintiff, who was seeking retirement benefits under a voluntary separation program offered by the FDIC similar to the one at issue in this case, to pursue his appeal with OPM. The basis of the court's decision to remand was the doctrine of primary jurisdiction. Consequently, plaintiff argues that this Court should apply the doctrine of primary jurisdiction and remand the case to OPM.

## DISCUSSION

 The doctrine of primary jurisdiction "allows a federal court to refer a matter extending beyond the 'conventional experiences of judges' or 'falling within the realm of administrative discretion' to an administrative agency with more specialized experience, expertise, and insight." *National Communications Ass'n, Inc. v. American Tel. and Telegraph Co.,* 46 F.3d 220, 222–23 (2d Cir. 1995) (quoting *Far East Conference v. United States,* 342 U.S. 570, 574, 72 S.Ct. 492, 96 L.Ed. 576 (1952)). Typically, a court applies the doctrine of primary jurisdiction to cases involving factual or policy issues that fall within an agency's mandate from Congress.

*Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 304, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976); *see Goya Foods, Inc. v.. Tropicana Prods., Inc.*, 846 F.2d 848, 851 (2d Cir.1988). The rationale underlying the doctrine is that Congress has entrusted the regulation of a certain subject matter under a statute to an administrative agency. Accordingly, before a court takes any action to resolve a dispute, it should defer to the agency for guidance based on the agency's specialized knowledge. *General Elec. Co. v. MV Nedlloyd,* 817 F.2d 1022, 1026 (2d Cir.1987), *cert. denied,* 484 U.S. 1011, 108 S.Ct. 710, 98 L.Ed.2d 661 (1988). Thus, courts should retain jurisdiction if the case involves only purely legal questions. *Board of Educ. of City Sch. Dist. of New York v. Harris,* 622 F.2d 599, 607 (2d Cir.1979), *cert. denied,* 449 U.S. 1124, 101 S.Ct. 940, 67 L.Ed.2d 110 (1981).

■ When determining whether to apply the doctrine of primary jurisdiction, a district court generally considers the following four factors:

(1) whether the question at issue is within the conventional experience of judges or whether it involves technical or policy considerations within the agency's particular field of expertise; (2) whether the question at issue is particularly within the agency's discretion; (3) whether there exists a substantial danger of inconsistent rulings; and (4) whether a prior application to the agency has been made.

*National Communications,* 46 F.3d at 222. Additionally, courts should consider any delay in the resolution of the dispute that might result from remanding the case to an administrative agency. *Id.* (citing *Ricci v. Chicago Mercantile Exch.,* 409 U.S. 289, 321, 93 S.Ct. 573, 34 L.Ed.2d 525 (1973)).

■ Applying these factors here, we find that it is appropriate to exercise the doctrine of primary jurisdiction and to remand the case to OPM. First, the issues presented in this case fall within OPM's field of expertise. OPM is the agency responsible for administering the civil service retirement Subchapter of Chapter 83 (Retirement) of Title 5 of the U.S.Code. 5 U.S.C. § 8347(a); 5 C.F.R. § 831.101. As part of its mandate, OPM must also "adjudicate all claims" under the civil

service retirement Subchapter, which includes claims arising under the early-out incentive program provided for in section 8336 ("Immediate Retirement"). 5 U.S.C. § 8347(b). Moreover, OPM has issued regulations implementing Chapter 83 which set forth the procedures for filing retirement applications, 5 C.F.R. §§ 831.104 & 831.501, for seeking reconsideration of an initial decision by OPM, 5 C.F.R. § 831.109, and for appealing OPM final decisions with the Merit Systems Protection Board ("MSPB"), 5 C.F.R. § 831.110; *see* 5 U.S.C. § 8347(d).

In addition to its responsibilities under Chapter 83, OPM is the agency charged with implementing Chapter 84 relating to the Federal Employees' Retirement System ("FERS") 5 U.S.C. § 8461; *see Conway v. Office of Personnel Management,* 59 M.S.P.R. 405, 409 (1993). According to its mandate, *inter alia,* OPM must pay all benefits that are payable under the early retirement provisions of section 8414 and adjudicate all claims under the provisions of the FERS which it administers. 5 U.S.C. § 8461(a), (c). Similar to the system under Chapter 83, OPM has issued regulations setting forth the procedures for filing applications for retirement, 5 C.F.R. § 841.304, requesting reconsideration of OPM decisions, 5 C.F.R. §§ 841.305–.307, and appealing final OPM decisions to the MSPB, 5 C.F.R. § 841.308; *see* 5 U.S.C. § 8461(e).

Based on the statutory and regulatory provisions under Chapters 83 and 84 setting forth OPM's authority over federal employees' retirement issues, we find that plaintiff's claim in this case—concerning his entitlement to participate in a retirement program—clearly falls within OPM's field of expertise.

Second, the above-referenced statutes and regulations also delegate to OPM the discretion to resolve disputes involving the particular issue presented in this case relating to a federal employee's entitlement to retirement benefits under an early retirement incentive program. *See, e.g., Allen v. Office of Personnel Management,* 77 M.S.P.R. 212 (1998) (reviewing an appeal of an OPM final decision denying multiple postal employees' requests

for alternative forms of annuities under the early-out provision ' of section 8336(d)(2)); *Chichowski v. Federal Emergency Management Agency*, 72 M.S.P.R. 474, 475 (1996) (discussing an employee's application to OPM for an immediate retirement annuity under a voluntary early retirement program); *Isabelle v. Office of Personnel Management*, 69 M.S.P.R. 176 (1996) (analyzing an OPM reconsideration decision involving a postal employee's early optional retirement in 1992 under section 8336(d)(2)); *Hayes v. United States Postal Serv.*, 66 M.S.P.R. 448 (1995) (dismissing an appeal of an OPM final decision involving a postal employee's claim that his retirement under the 1992 early-out program was involuntary). Additionally, before the Postal Service could offer this early-out incentive program, the Postal Service was required to obtain OPM's approval even though the initial decision to institute the program emanated from the Postal Service. 5 U.S.C. §§ 8336(d)(2), 8414(b)(1)(B); *see Jostsons v. U.S. Postal Serv.*, 58 M.S.P.R. 74, 76 (1993), *aff'd*, 26 F.3d 139 (Fed.Cir.1994). The Postal Service also directed plaintiff to OPM on two different occasions so that OPM could address any issues regarding his retirement. Pl.'s Mem., Exs. 1 & 3.

Third, we find that if we were to exercise jurisdiction there would be a substantial danger of inconsistent verdicts based on the number of cases involving the Postal Service's 1992 early-out program which have been decided previously. *See, e.g., Allen v. Office of . Personnel Management*, 77 M.S.P.R. 212 (1998); *Isabelle v. Office of Personnel Management*, 69 M.S.P.R. 176 (1996); *Lawson v. United States Postal Serv.*, 68 M.S.P.R. 345 (1995); *Murray v. United States Postal Serv.*, 68 M.S.P.R. 177 (1995); *Gingrich v. United States Postal Serv.*, 67 M.S.P.R. 583 (1995); *Hayes v. United States Postal Serv.*, 66 M.S.P.R. 448 (1995); *Krizman v. Merit Sys. Protection Bd.*, 77 F.3d 434 (Fed.Cir.1996); *Jones v. United States Postal Serv.*, 65 M.S.P.R. 306 (1994); *Barnett v. United States Postal Serv.*, 59 M.S.P.R. 125 (1993); *Jostsons v. U.S. Postal Serv.*, 58 M.S.P.R. 74 (1993),

*aff'd*, 26 F.3d 139 (Fed.Cir.1994). Indeed, when analyzing an employee's potential entitlement to retirement benefits under the Postal Service's early-out program, these cases have considered whether the employee's retirement was voluntary and whether the employee met the statutory age and service requirements.

Because plaintiff has not previously filed an application for retirement benefits with OPM, the fourth factor is inapplicable. We note, however, that plaintiff contacted OPM before October 29, 1996 to determine the process for filing a claim. He subsequently requested the Postal Service's cooperation in providing the documentation necessary to pursue his claim before OPM. Pl's. Mem., Ex. 2.

Finally, we find that all the factors which tip in favor of applying primary jurisdiction (factors one, two, and three) outweigh any risk of substantially delaying the resolution of this matter by remanding it to OPM.

Consequently, we find that it is appropriate to apply the doctrine of primary jurisdiction in order for OPM to decide this dispute. We note that defendant argues that plaintiff is limited in the relief which he could seek before OPM because the "issues plaintiff could raise with OPM must relate directly to his retirement, e.g., the benefits he receives." Def.'s Mem., at 15. Thus, defendant contends that any administrative relief plaintiff might have rests with the MSPB. Defendant then argues that plaintiff will be time-barred from pursuing his claim before the MSPB because the regulations in effect at the time of the Postal Service's 1992 nationwide restructuring provided that an employee had twenty days to appeal to the MSPB from an adverse decision. *See* 5 C.F.R. § 1201.22(b) (1992).[3]

 It is true that plaintiff's relief may lie with the MSPB, depending on the gravamen of plaintiff's complaint. The MSPB, however, has limited jurisdiction and can hear only matters over which it has been given statutory or regulatory jurisdiction.

---

**3.** After June 17, 1994, the time limit was extended to thirty days. *See* 59 Fed.Reg. 31109 (June 17, 1994).

*McLaughlin v. Office of Personnel Management,* 62 M.S.P.R. 536, 546 (1994), *aff'd,* 47 F.3d 1181 (Fed.Cir.1995). Also, the MSPB "generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a [decision or] reconsideration decision on the matter." *Id.* Finally, the MSPB does not have jurisdiction over "a voluntary action such as resignation or retirement, and it presumes that such actions are voluntary . . . ." *Barnett,* 59 M.S.P.R. at 127.

██ If, however, an employee claims that his retirement was involuntary due to an agency's misrepresentation, the employee must proceed through the MSPB. *See Allen,* 77 M.S.P.R. at 218–22 (discussing the different appeal rights and requirements under Chapters 75 and 83 in cases involving involuntary separation). An employee may overcome the presumption that his retirement was voluntary by presenting evidence that his retirement was the result of duress or coercion. *Barnett,* 59 M.S.P.R. at 127. "Evidence and argument that a presumably voluntary retirement was the product of agency coercion, misrepresentation, or duress is relevant to proof that the retirement was actually an adverse action (removal) under 5 U.S.C. ch. 75 that is directly appealable to the [MSPB]." *Allen,* 77 M.S.P.R. at 220. Thus, claims of involuntary retirement based on misrepresentation are tantamount to claims of removal under 5 U.S.C. § 7512, and must be pursued under Chapter 75 (Adverse Actions). The MSPB has promulgated regulations governing the practices and procedures for appeals in 5 C.F.R. part 1201. Pursuant to 5 C.F.R. § 1201.3(a)(2), the MSPB has appellate jurisdiction over removals taken under 5 U.S.C. § 7512.

██ As mentioned earlier, if an employee pursues his claim through the MSPB, he is subject to a twenty-day filing deadline. 5

C.F.R. § 1201.22(b) (1992). A court may excuse an untimely filing if the employee shows good cause for the delay. 5 C.F.R. § 1201.22(c) (1992). Generally, good cause is established when an agency was required to notify an employee of his appeal rights to the MSPB pursuant to 5 C.F.R. § 1201.21 (1992), and failed to do so. *Gingrich,* 67 M.S.P.R. at 587.

██ At this time, we do not find it appropriate to decide whether plaintiff should pursue his claim through OPM or the MSPB because plaintiff has the discretion to determine his strategy for presenting claims to the administrative agency. We do note that unlike the MSPB, there are no time limits on when an employee may file an application for his or her retirement benefits with OPM. *See* 5 C.F.R. §§ 831.104, 831.501 & 841.304. Additionally, if an employee claims that his retirement was involuntary under section 8336(d)(1), he is required to proceed initially with OPM, and not the MSPB. *Edgerton, v. Merit Sys. Protection Bd.,* 768 F.2d 1314, 1317 (Fed.Cir.1985).

## CONCLUSION

For the foregoing reasons, we grant plaintiff's motion to remand (doc. # 12) and we grant defendant's motion to dismiss (doc. # 11) without prejudice. We order plaintiff to diligently file an application for retirement benefits with OPM. We direct the Postal Service to comply with any of plaintiff's requests for documentation which he may require to properly pursue his claim with OPM. In the event that OPM determines it does not have jurisdiction to rule on plaintiff's application because it finds that plaintiff's rights lay under ERISA, plaintiff may refile this action in federal court.[4]

---

4. If plaintiff is required to refile his complaint in federal court, we note that he will not be disadvantaged from our referral today. We could have chosen to stay this action pending administrative review which would not have raised any timeliness issues because the case becomes reactivated after the administrative proceedings have completed. The Second Circuit, however, has approved the method of applying the doctrine of equitable tolling to cases which were dismissed without prejudice under the doctrine of primary jurisdiction. *Johnson v. Nyack Hosp.,* 86 F.3d 8, 11–12 (2d Cir.1996). Nevertheless, plaintiff must meet the requirements of equitable tolling by exercising reasonable care and diligence in returning to federal court. *Dodds v. Cigna Secs., Inc.,* 12 F.3d 346, 350 (2d Cir.1993), *cert. denied,* 511 U.S. 1019, 114 S.Ct. 1401, 128 L.Ed.2d 74 (1994).

The Clerk of the Court is directed to close this case.

**SO ORDERED.**